UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DANIEL J. LEPORIN )<br>    Plaintiff )<br> )<br>V. )<br> )<br>GREG S. PARZYCH & MELISSA )<br>PARZYCH )<br>    Defendant )<br> ) | Civ. Act. No.: |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL

### THE PARTIES

1. Plaintiff, Daniel LePorin, is a resident of Sea Cliff, New York.

2. Defendant, Greg Parzych, is a resident of Sudbury, Massachusetts.

3. Defendant, Melissa Parzych, is a resident of Sudbury, Massachusetts.

### GENERAL FACTUAL ALLEGATIONS

4. On or about August 9, 2020, Plaintiff LePorin, was a guest at the house of Defendant Greg Parzych and Defendant Melissa Parzych in Sunapee, New Hampshire.

5. On or about August 9, 2020, Defendant Greg Parzych owned a 21-foot 373 HP power boat, Mastercraft, New Hampshire Registration Number 2578SS(hereinafter "the 373 HP power boat").

6. Defendant Greg Parzych had recently bought said 373 HP power boat and obtained possession of it on or about August 8, 2020.

7. On or about August 9, 2020, Defendant Greg Parzych controlled the 373 HP power boat.

8. On or about August 9, 2020, Defendant Melissa Parzych controlled the 373 HP power boat.

9. On or about August 9, 2020, Defendant Melissa Parzych was operating the 373 HP power boat on Lake Sunapee.

10. On or about August 8, 2020, the Defendant Greg Parzych knew or had reason to know that Defendant Melissa Parzych would be operating the 373 HP power boat.

11. Defendant Melissa Parzych's operation of the 373 HP power boat was authorized by Defendant Greg Parzych.

12. Defendant Melissa Parzych's operation of the 373 HP power boat was as agent for Defendant Greg Parzych.

13. On or about August 9, 2020, Defendant Melissa Parzych was operating the 373 HP power boat while pulling Plaintiff LePorin on a wakeboard.

14. While Plaintiff LePorin was wakeboarding, Plaintiff LePorin sustained personal injuries, which include but are not limited to the traumatic amputation of four fingers removing half of his right hand.

15. Prior to and at the time he sustained the above-mentioned personal injuries, Plaintiff LePorin was exercising due care.

## JURISDICTION

16. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

## COUNT I
## NEGLIGENCE
## Daniel LePorin v. Greg Parzych

17. Plaintiff LePorin reiterates the allegations set forth in paragraphs 1-16 above.

18. On or about August 9, 2020, Defendant Greg Parzych owed Plaintiff LePorin the duty to exercise reasonable care under the circumstances in the operation, supervision, maintenance and entrustment of the 373 HP power boat to ensure Plaintiff LePorin's safety.

19. On or about August 9, 2020, Defendant Greg Parzych negligently breached his duty of care to Plaintiff LePorin with respect to the following acts and omissions:

    a. failing to have said 373 HP power boat at all times under proper, adequate and safe control;

    b. failing to have said 373 HP power boat at all times under the control of person(s) who had sufficient competency, skills and experience to safely be left in charge of said 373 HP power boat;

    c. by allowing Defendant Melissa Parzych to operate said 373 HP power boat;

    d. failing to provide a reasonably safe 373 HP power boat;

    e. failing to maintain and/or equip the 373 HP power boat so that it was in a reasonably safe condition;

    f. failing to warn Plaintiff LePorin of known dangers;

    g. and, other negligent acts and/or omissions that will be proved at trial.

20. The personal injuries sustained by Plaintiff LePorin were not caused by any fault of his own but were caused solely by the negligence of Defendant Greg Parzych.

21. As a direct and proximate result of Defendant Greg Parzych's aforesaid negligence,

Plaintiff LePorin has suffered, and continues to suffer from, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical care and treatment, loss of earnings and further damages as will be shown at trial.

**WHEREFORE**, Plaintiff LePorin demands judgment against Defendant Greg Parzych in an amount to be determined by a jury, together with interests and costs.

**COUNT II**
**NEGLIGENCE**
**Daniel LePorin v. Melissa Parzych**

22. Plaintiff Melissa LePorin reiterates the allegations set forth in paragraphs 1-16 above.

23. On or about August 9, 2020, Defendant Melissa Parzych owed Plaintiff LePorin the duty to exercise reasonable care under the circumstances to ensure Plaintiff LePorin's safety.

24. On or about August 9, 2020, Defendant Melissa Parzych negligently breached her duty of care to Plaintiff LePorin with respect to the following acts and omissions:

    a. operating said 373 HP power boat without due regard for the rights and safety of the Plaintiff LePorin and others;

    b. operating said 373 HP power boat in violation of laws, regulations and/or applicable standard of care pertaining to the operation of 373 HP power boat and/or the standards pertaining to the proper manning and operation of the 373 HP power boat;

    c. failure to operate the 373 HP power boat in a reasonably safe manner;

    d. failure to provide a reasonably safe 373 HP power boat;

    e. failure to adequately supervise and instruct passengers and wakeboarders;

    f. failure to maintain and/or equip the 373 HP power boat so that it was in a

      reasonably safe condition;

    g. failure to act as a reasonable captain would act;

    h. failure to warn Plaintiff Leporin of dangers or reasonably should have known about;

    i. and, other negligent acts and/or omissions that will be proved at trial.

25. The personal injuries sustained by Plaintiff LePorin were not caused by any fault of his own but were caused solely by the negligence of Defendant Melissa Parzych.

26. As a direct and proximate result of Defendant Melissa Parzych's aforesaid negligence, Plaintiff LePorin has suffered, and continues to suffer from, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical care and treatment, loss of earnings and further damages as will be shown at trial.

    **WHEREFORE**, Plaintiff LePorin demands judgment against Defendant Melissa Parzych in an amount to be determined by a jury, together with interests and costs.

    **PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED HEREIN.**

                      **Respectfully submitted for the Plaintiff, DANIEL LEPORIN, by her attorney,**

                        /s/ Carolyn M. Latti
                        Carolyn M. Latti, BBO # 567394
                        David F. Anderson, BBO # 560994
                        Latti & Anderson LLP
                        30-31 Union Wharf
                        Boston, MA 02109
                        (617) 523-1000
                        clatti@lattianderson.com
                        danderson@lattianderson.com

Dated: August 1, 2021