```
                 United States District Court
                    District of Massachusetts
_____
                              )
Daniel J. LePorin,            )
                              )
        Plaintiff,            )
                              )
                              )
             v.               )   Civil Action No.
                              )   21-11249-NMG
Greg S. Parzych et al.,       )
                              )
        Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This action arises from a boating accident on Lake Sunapee in which plaintiff Daniel LePorin ("LePorin" or "plaintiff") suffered significant injuries, including the loss of four fingers.  Pending before the Court is the motion of defendants Greg and Melissa Parzych ("the Parzychs" or "defendants") to dismiss the complaint for failure to state a claim.  For the reasons set forth below, defendants' motion (Docket No. 18) will be denied.

III. **Background**

The following facts are drawn from the pleadings.  In August, 2020, LePorin visited the Parzychs at their Sunapee, New Hampshire, residence.  Greg Parzych had recently bought a 21-foot Mastercraft power boat ("the Boat") which his daughter,

-1-

Melissa Parzych, and LePorin (and perhaps others) drove out on Lake Sunapee.  At some point during the outing, Melissa was operating the Boat while LePorin wakeboarded behind it.  LePorin sustained serious injuries, including the amputation of four fingers from his right hand, the cause of which is not explained in the complaint.

In August, 2021, LePorin filed the present action, asserting negligence claims against Greg and Melissa Parzych. He alleges that, inter alia, 1) Melissa Parzych failed to operate the Boat in a reasonably safe manner, 2) Greg Parzych failed to ensure that the boat was operated only by those with adequate skill and experience and 3) both failed to warn him of known dangers.  Defendants timely answered the complaint in September, 2021, and denied the substance of the allegations but they did not file the pending motion to dismiss until almost three months later.

## IV. Motion to Dismiss

### A. Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly,

-2-

550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).  A court also may not disregard properly plead factual allegations even if actual proof of those facts is improbable. Ocasio-Hernandez, 640 F.3d at 12.  Rather, the inquiry required focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

Rule 12(b) provides that any defenses arising thereunder "must be made before pleading". Fed. R. Civ. P. 12(b); see Marcial Ucin, S.A. v. SS Galicia, 723 F.2d 994, 997 (1st Cir. 1983)).  The court may, however, treat an untimely motion to dismiss under Rule 12(b)(6) as a motion for judgment on the pleadings under Rule 12(c). See, e.g. Lu v. Menino, 98 F. Supp. 3d 85, 94 (D. Mass. 2015).  A motion for judgment on the pleadings is governed by the same legal standards as a motion to

dismiss for failure to state a claim except that upon a motion for judgment on the pleadings the Court considers the pleadings as a whole. Aponte-Torres v. University of Puerto Rico, 445 F.3d 50, 54-55 (1st Cir. 2006).

**B. Application**

Although defendants' motion to dismiss was untimely filed, rather than deny it based upon that defect the Court will consider its merits under Rule 12(c). See Aponte-Torres, 445 F.3d at 54.

Defendants contend that the complaint must be dismissed because, as to each of them, LePorin recites little more than the elements of a negligence action and thus fails to state a claim upon which relief can be granted under Massachusetts or federal admiralty law.  Because the latter has no apparent relevance to this action, the Court considers the motion under Massachusetts law.[1] See In re Town of Chatham, No. 10-10441-GAO, 2011 U.S. Dist. LEXIS 3956 at *4-5 (D. Mass. Jan 13, 2011) (citing Jerome B. Grubart, Inc., v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995)).  Liability for negligence under

---

[1] Plaintiff posits that the law of New Hampshire applies but, for present purposes, the dispute is immaterial because the basic elements of a negligence claim are identical under the law of either state. See Weldy v. Kingston, 514 A.2d 1257, 1260 (N.H. 1986) (stating that elements of negligence are "a breach of a duty of care by the defendant, which proximately causes the plaintiff's injury").

-4-

Massachusetts law requires proof that the defendant 1) owed a legal duty to the plaintiff, 2) which the defendant breached, thereby 3) causing injury to the plaintiff. Davis v. Westwood Group, 652 N.E. 2d 567, 569 (Mass. 1995).

Although the complaint is not a paragon of detail or clarity, it alleges sufficient facts to withstand a motion for judgment on the pleadings, albeit just barely.  The Federal Rules of Civil Procedure require only a "short and plain statement", Fed. R. Civ. P. 8(a)(2), articulating a "plausible" entitlement to relief, Twombly, 550 U.S. at 570.  Here, the complaint recites factual allegations which, leavened with common sense, support a plausible, rather than merely possible, negligence claim. Iqbal, 556 U.S. at 679 (explaining that the plausibility determination is a context-specific undertaking that requires the court "to draw on its judicial experience and common sense"); Twombly, 550 U.S. at 570 (dismissing claims where plaintiff had not "nudged [them] across the line from conceivable to plausible").  Plaintiff alleges that, inter alia, while wakeboarding behind a boat owned by Greg Parzych and operated by Melissa Parzych, he suffered traumatic injuries to his right hand.  He further asserts that Melissa Parzych lacked the requisite experience and ability to operate the Boat, but

that Greg Parzych nevertheless allowed her to do so.  Those allegations, though sparse, limn a plausible tort claim.

The arguments of defendants in support of dismissal are unavailing.  First, they assert that the complaint is defective because it does not allege how Melissa Parzych's operation of the Boat jeopardized the safety of the plaintiff.  The complaint is factually thin in that respect but such lack of detail is not fatal where, as here, the complaint nevertheless renders plausible LePorin's negligence claim. Twombly, 550 U.S. at 570.  The Federal Rules do not require the sort of particularity defendants demand. Ocasio-Hernandez, 640 F.3d at 10 (1st Cir. 2011) (discussing Twombly and Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)).

Defendants next contend that the claims against Greg Parzych fail because they are derivative of those against Melissa Parzych.  That argument is unpersuasive because, as discussed above, LePorin has stated a claim against Melissa Parzych.  Moreover, it attributes to the complaint a theory of respondeat superior that appears nowhere therein and has no application to the facts pled. See Berry v. Commerce Ins. Co., 175 N.E.3d 383, 387 n.3 (Mass. 2021) (explaining that respondeat superior is a "type of vicarious liability in which the employer

is held liable for the acts of the employee committed within the scope of employment").

## ORDER

For the foregoing reasons, defendants' motion to dismiss (Docket No. 18) is **DENIED**.

**So ordered.**

    /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated:  June 21, 2022